# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **Z.F., AN INFANT, BY HIS NEXT FRIEND ALFRED FLEMING,** | ) ) ) | Case No. 2:18CV00042 |
| Plaintiff, | ) ) | |
| v. | ) ) ) | **OPINION AND ORDER** |
| **RYAN ADKINS,** | ) ) ) | By: James P. Jones<br>United States District Judge |
| Defendant. | ) | |

*Michael A. Bragg, Bragg Law, Abingdon, Virginia, for Plaintiff; Henry Keuling-Stout, Keuling-Stout, P.C., Big Stone Gap, Virginia, for Defendant.*

In this action for violation of civil rights under 42 U.S.C. § 1983, the plaintiff, a middle school student, alleges that the defendant, a deputy sheriff and resource officer at the plaintiff's school, violated his rights under the Fourth Amendment. The plaintiff contends that the defendant unlawfully seized his person and seized and searched his cell phone, and the defendant used excessive force in doing so. The defendant has moved to dismiss the Complaint and for summary judgment. For the reasons that follow, I will deny the defendant's motions.

I.

The Complaint alleges the following facts, which I must accept as true for the purpose of deciding the Motion to Dismiss.[1]

On April 17, 2018, while Z.F., a 14-year-old student at L. F. Addington Middle School in Wise County, Virginia, was eating lunch in the school cafeteria, Ryan Adkins, a Deputy Sheriff with the Wise County Sheriff's Department and a Resource Officer at the middle school, approached Z.F. and demanded that he give his cell phone to Deputy Adkins. Z.F. had been conducting himself in an orderly manner when Deputy Adkins approached him. Z.F. asked why Deputy Adkins wanted his cell phone, but Deputy Adkins would not tell him and repeated his demand. Deputy Adkins told Z.F. to stand, took him by his arm, and escorted him across the cafeteria and into the hallway outside the cafeteria. Z.F. alleges that he was removed from the cafeteria involuntarily and in the presence of his classmates, which caused him great embarrassment. School administrators were also standing nearby and observed this encounter.

In the hallway, Deputy Adkins again demanded that Z.F. give his cell phone to him. Z.F. asked Deputy Adkins to explain why he needed the phone, but Deputy Adkins refused. Z.F.'s father had instructed him that in the event of an

---

[1] The defendant has also moved for summary judgment, but for the reasons discussed in Part II.B., I will consider the facts only as they relate to his Motion to Dismiss.

encounter with law enforcement in which he did not know how to respond, he should contact him, so Z.F. told Deputy Adkins that he was going to call his father. Z.F. turned away from Deputy Adkins and began dialing his father's phone number, but Deputy Adkins tackled Z.F. and threw him to the ground, lying on top of Z.F. to restrain him while he forcibly took his cell phone. The school administrators had followed Z.F. and Deputy Adkins into the hallway and observed these events.

Z.F. was then taken to an office, where he alleges he was held against his will and not allowed to attend his classes or leave the school. Deputy Adkins searched the contents of Z.F.'s cell phone but did not find anything illegal. Z.F. and the cell phone were later released to Z.F.'s parents.

Z.F. alleges that Deputy Adkins' seizure of his person in the cafeteria and again in the corridor, along with his seizure and search of Z.F.'s cell phone, were without probable cause and were done intentionally and maliciously in violation of the Fourth Amendment. He also alleges that Deputy Adkins intentionally and maliciously used excessive force against him in violation of the Fourth Amendment when he tackled him to the ground. Z.F. alleges that as a result of Deputy Adkins' actions, he suffered physical injuries, including an injury to his back that required medical care; emotional injuries, including emotional trauma that has required counseling; and embarrassment. He has brought this action for

damages pursuant to 42 U.S.C. § 1983. Deputy Adkins has filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and for Summary Judgment. The motions have been fully briefed and are ripe for decision.[2]

II.

A.

Federal pleading standards require that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to survive a motion to dismiss, the complaint must "state[] a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon its "judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). In evaluating a pleading, the court accepts as true all well-pled facts and construes those facts in the light most favorable to the plaintiff. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009).

In order to prevail on a motion to dismiss a complaint alleging a violation of 42 U.S.C. § 1983, "a defendant must satisfy the trial court that there is no set of facts which will support an allegation that he or it (1) acted under color of state law, and (2) deprived plaintiff of a right secured by the Constitution and laws."

---

[2] The defendant has not filed a reply to the plaintiff's opposition to the Motion to Dismiss and for Summary Judgment, and the time to reply under the Local Rules has passed.

*Dist. 28, UMWA, Inc. v. Wellmore Coal Corp.*, 609 F.2d 1083, 1085 (4th Cir. 1979) (internal quotation marks and citation omitted).

Deputy Adkins asserts that Z.F. has failed to allege facts showing that his actions deprived Z.F. of his Fourth Amendment rights.

i.

"In most instances, the Fourth Amendment forbids searches and seizures of citizens absent a warrant supported by probable cause." *Wofford v. Evans*, 390 F.3d 318, 325 (4th Cir. 2004). "Searches of students conducted by school officials, however, are subject to a lesser degree of procedural scrutiny." *Id.* at 326. In *New Jersey v. T.L.O.*, 469 U.S. 325 (1985), the Supreme Court established this lesser "reasonableness" standard but clarified that it applies only to "searches carried out by school authorities acting alone and on their own authority." 469 U.S. at 341 n.7. The court did not answer the "question of the appropriate standard for assessing the legality of searches conducted by school officials in conjunction with or at the behest of law enforcement agencies." *Id.* Courts addressing this question generally apply the reasonableness standard to searches or seizures by law enforcement officers in a school setting. *See Scott v. Cty. of San Bernardino*, 903 F.3d 943, 949 n.4 (9th Cir. 2018) (assuming without deciding that the reasonableness standard applied to school seizures by law enforcement officers); *Gray ex rel. Alexander v. Bostic*, 458 F.3d 1295, 1304 (11th Cir. 2006) (applying

the reasonableness standard to school seizures by law enforcement officers); *Shade v. City of Farmington*, 309 F.3d 1054, 1060–61 (8th Cir. 2002) (applying the reasonableness standard when school officials initiated the search, which an officer then carried out, and the officer was only minimally involved in the search). For the purposes of this Motion to Dismiss, I will assume without deciding that the reasonableness standard applies to Deputy Adkins' alleged conduct.

Under this standard, a search "need only be 'justified at its inception' and 'reasonably related in scope to the circumstances which justified the interference in the first place.'" *Wofford*, 390 F.3d at 326 (quoting *T.L.O.*, 469 U.S. at 341). The same standard applies to seizures of students by school officials. *Id.* A search is justified at its inception if there are "reasonable grounds for suspecting that the search will turn up evidence that the student has violated or is violating either the law or the rules of the school." *T.L.O.*, 469 U.S. at 341–42. A seizure is justified at its inception if there is a "reasonable basis for believing that the pupil has violated the law or a school rule." *Wofford*, 390 F.3d at 326.

Although Z.F. has relied upon the probable cause standard, I find that he has pleaded facts sufficient to raise a question as to the reasonableness of the alleged search and seizure of his person and cell phone. The facts indicate no reason to suspect Z.F. of any wrongdoing before and during his interaction with Deputy Adkins. Z.F. alleges that he was conducting himself in an orderly manner when

Deputy Adkins approached him in the cafeteria, and after Deputy Adkins took him into the hallway, he only asked Deputy Adkins to explain why he wanted his phone and attempted to contact his father. Although further development of the facts may reveal that Deputy Adkins' seizure of Z.F. and his phone and subsequent search of the phone satisfy the reasonableness standard, Z.F. has stated facts sufficient to allege a Fourth Amendment violation at the motion to dismiss stage.

ii.

The Fourth Amendment also bars police officers from using excessive force to seize a free citizen, and this applies equally to the conduct of resource officers in schools. *See E.W. ex rel. T.W. v. Dolgos*, 844 F.3d 172, 179 (4th Cir. 2018). Whether an officer has used excessive force is analyzed under an objective reasonableness standard "in light of the facts and circumstances confronting [him], without regard to [his] underlying intent or motivation." *Graham v. Connor*, 490 U.S. 386, 397 (1989). Three factors are particularly relevant to this inquiry: "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* at 396. It is also "prudent to consider also the suspect's age and the school context." *E.W.*, 884 F.3d at 179.

Z.F. has also alleged facts sufficient to state an excessive force claim at the motion to dismiss stage. Although the crime at issue, if any, is not yet known, the

remaining factors support Z.F.'s allegation that Deputy Adkins used excessive force when he tackled Z.F. to the ground. The facts do not indicate that Z.F. posed an immediate threat to the safety of Deputy Adkins or others, or that he was resisting or attempting to evade Deputy Adkins' seizure of his person. Moreover, these events occurred when Z.F. was a 14-year-old middle school student and while he was in school.

B.

In addition to moving to dismiss Z.F.'s Complaint, Deputy Adkins has also moved for summary judgment. In the summary judgment portion of his motion, he has included quotes and excerpts from evidence in support of his argument that the seizure of Z.F.'s person and cell phone and the search of the phone were not in violation of the Fourth Amendment, and that he did not injure Z.F. when he tackled him.

Federal Rule of Civil Procedure 56(a) requires a court to grant a motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "It is well established that unsworn, unauthenticated documents cannot be considered on a motion for summary judgment." *Orsi v. Kirkwood*, 999 F.2d 86, 92 (4th Cir. 1993). Treating a motion to dismiss as a motion for summary judgment "is not appropriate where the parties have not had an opportunity for

reasonable discovery." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011).

Here, all of the material that Deputy Adkins has included in his motion for summary judgment is unsworn and unauthenticated, and thus he has failed to offer evidence sufficient to show that he is entitled to summary judgment. Moreover, I find that it is not appropriate to grant summary judgment before Z.F. has had an opportunity for discovery.

III.

For the foregoing reasons, it is **ORDERED** that the defendant's Motion to Dismiss and for Summary Judgment, ECF No. 7, is DENIED.

ENTER: April 10, 2019

/s/ *James P. Jones*
United States District Judge